**Joseph M. DEROGATIS, Petitioner,**

v.

**DEPARTMENT OF JUSTICE, Respondent.**

**No. 04-3107.**

United States Court of Appeals, Federal Circuit.

June 14, 2004.

---

Before CLEVENGER, RADER, and SCHALL, Circuit Judges.

PER CURIAM.

Joseph M. Derogatis seeks review of the final decision of the Merit Systems Protection Board ("Board") sustaining the deci-

sion of the Department of Justice ("agency") to remove him from his job as an Immigration Inspector. *Derogatis v. Dep't of Justice*, No. AT752020399–I–1 (Sept. 30, 2003). We *affirm*.

## I

Mr. Derogatis was removed from his job because, when he was involved in an off-duty traffic altercation with another driver, he drew his service revolver and confronted the other driver with his weapon in hand. Agency firearm policy dictates that weapons may be drawn only in self-defense, and the agency proposed and effected his removal for exercising poor judgment in the use of his agency-issued firearm. Mr. Derogatis appealed his removal to the Board.

The administrative judge assigned to Mr. Derogatis's case first determined, after careful review of the facts, that when Mr. Derogatis exited his car with his weapon drawn, he became the aggressor in a situation that did not justify Mr. Derogatis's use of his gun in self-defense. The administrative judge expressly held that Mr. Derogatis did not act in self-defense. The administrative judge second found that the charges against Mr. Derogatis related to the efficiency of the service because the agency must have confidence in an officer's good judgment in handling firearms and Mr. Derogatis had not demonstrated such good judgment. The administrative judge third carefully reviewed the penalty of removal in light of the Douglas factors, and concluded that in this instance the agency could properly insist on strict compliance with its policy concerning use of weapons. The administrative judge affirmed the agency's action, and the Board denied Mr. Derogatis's petition for review, making the administrative judge's decision the final decision of the Board. Mr. Derogatis seeks review in this

court of the final judgment of the Board sustaining his removal.

## II

We may only disturb the final judgment of the Board if we determine that it is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. The Board's fact-findings must be supported by substantial evidence. 5 U.S.C. § 7703(c) (2000).

■ Mr. Derogatis argues that the Board erred in finding that he had not acted in self-defense. Had he acted in self-defense, the agency could not have charged him with poor judgment because he would have been behaving in accordance with the agency's firearms policy. We hold that the Board's explicit fact-finding that Mr. Derogatis had not acted in self-defense is supported by substantial evidence.

■ We also reject Mr. Derogatis's argument that the agency erred in referring to his poor judgment instead of expressly stating that his poor judgment resulted in a violation of the agency's firearms policy. The agency's charge that Mr. Derogatis used poor judgment in the use of his firearm follows directly from the agency's firearm policy that prevents use of a weapon in situations not involving the officer's self-defense. Here, Mr. Derogatis was found to have been involved in a traffic incident, during which he became an aggressor brandishing a weapon towards the other person. For that poor judgment in contravention of agency firearm policy, he was removed. Mr. Derogatis knew well what he, assisted by counsel, needed to prove in order to overcome the agency's removal action. He needed to show that when he drew his gun in front of the person with whom he was having a traffic altercation, he did so in his self-defense. He failed to

prove that point, and with that failure of proof his challenge to his removal failed.

We perceive no error in the final decision of the Board, and therefore affirm that judgment.